**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LI SHULONG,

Petitioner,

v.

WARDEN, in his official capacity as Warden of Torrance County Detention Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Case No. 1:26-cv-03278-MIS-GJF

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Rafael De Jesus Rosell-Sanchez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 1, 2026. The Petitioner is a citizen of China, who has resided in the United States since October 2023. Pet. at 6. In December 2023, Petitioner obtained a New York driver's license and, in May 2024, he obtained a Social Security Card valid for work only with U.S. Department of Homeland Security Authorization. Id. at 10, 28. During his residence in the United States, Petitioner maintained employment in New York, in massage therapy and package-delivery. Id. at 10. Although Petitioner was arrested at some point, those charges were dismissed. Id. Nevertheless, on February 17, 2026,

Petitioner was detained by United States Immigration and Customs Enforcement ("ICE"). Id. at 2, 10. He has been detained ever since and is currently detained at the Torrance County Detention Center in Estancia, New Mexico. Id. at 2. Prior to his detention, Petitioner was not provided a bond hearing. Id. Petitioner argues that his detention without pre-deprivation notice and a bond hearing and his prolonged detention violated his Fifth Amendment right to due process. Id. at 6, 11. He seeks immediate release from detention, or in the alternative, a bond hearing. Id. at 7, 12.

On September 22, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case" and "whether any precedent, including Mardanpour v. Warden, Case No.2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), or Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026), requires relief." Id.

On October 19, 2026, the federal Respondents filed an "Response [to the] Petition." ECF No. 7.[1] Respondents acknowledged that Petitioner has not received a bond hearing. Id. at 1. They state further:

> This petition is one of the many recently filed in which the parties do not agree regarding which statute governs ICE's detention of Petitioner, 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). The Tenth Circuit's recent decision in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) resolved this question, however, holding that the petitioner was entitled to a bond hearing pursuant to 8 U.S.C. § 1226 on materially indistinguishable facts. Following the Tenth Circuit's recent decision in Santillan Quiroz, the immigration court can exercise jurisdiction to issue a bond pursuant to 8 U.S.C. § 1226(a). As a result, Respondents do not oppose an order requiring a bond hearing.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

Id. at 1-2 (footnotes omitted).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.

In addition, Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite,

ongoing detention of over eight months, with no reasonably foreseeable end in sight,[2] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

---

[2] As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, Case No. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Therefore, the Court finds that immediate conditional release is the appropriate remedy. The Court further orders that Petitioner shall not be re-detained absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Li Shulong from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE